(*) CHAMBERLAIN *versus* LAKE.

A defect in mesne process, if not apparent upon the record, can be taken advantage of only by *plea in abatement.*

Such defect, if apparent upon the record, can be taken advantage of by *motion.*

ON EXCEPTIONS from *Nisi Prius,* HATHAWAY, J., presiding.

This action was entered at the Oct. term, 1852. At that term, the defendant's attorney appeared specially. At this (January) term, he moved, that the suit be dismissed for the

reason, that the writ was dated on the sixth day of October, 1852, and made returnable " on the fourth Tuesday of October *next.*" On inspection of the writ, it was found to be returnable on the fourth Tuesday of October *inst.*, the word *next*, having been erased. The defendant introduced the plaintiff's attorney to prove, that the writ had been altered since the service, by erasing the word " next," and by substituting the word " inst." The attorney stated, that the writ was in his handwriting, but that he had no recollection of making any alteration since the service. The defendant then introduced the officer who served the writ, who swore that it had been altered, as above stated, after its service and after its delivery to the plaintiff's attorney.

Upon this testimony, the Court refused to grant the motion, to which refusal the defendant excepted.

*Wiswell*, in support of the motion.

*S. Waterhouse, contra.*

SHEPLEY, C. J. — By an inspection of the writ it would appear, that it was made returnable at the proper term, and that the Court had jurisdiction of the case. It was only by evidence, *dehors* the record, that the writ could be abated. When a defect is apparent of record, advantage may be taken of it by motion, and a decision upon that motion will present a question of law arising upon the sufficiency or insufficiency of the record.

When the defect is not thus apparent, advantage of any alleged defect can only be taken by plea in abatement; for the plaintiff has a right to traverse the allegations and to have an issue formed to be tried by a jury. Com. Dig. Abatement, K and H, 1 ; *Mitchell* v. *Starbuck*, 10 Mass. 5 ; *Purple* v. *Clark*, 5 Pick. 206 ; *Upham* v. *Bradley*, 17 Maine, 423.

In the case of *Purple* v. *Clark*, it was decided that it was only when a decision was made upon a motion to dismiss for a defect of process apparent of record, that a question of law would be presented by it.

In this case, a question, not of law but of fact, was pre-

sented by the motion, and to a decision of it exceptions will not lie.                              *Exceptions dismissed.* ·

TENNEY, RICE and APPLETON, J. J., concurred.